IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.:   11-cr-00011-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**1.    JESSIE ARISPE**,

      Defendant.

---

## PLEA AGREEMENT AND STATEMENT OF FACTS
## RELEVANT TO SENTENCING

---

The United States of America (the government), by and through Mark Barrett,

Assistant United States Attorney for the District of Colorado, and the defendant, Jessie

Arispe, personally and by counsel, Brian R. Leedy, submit the following Plea

Agreement and Statement of Facts Relevant to Sentencing, pursuant to D.C.Colo.LCrR

11.1.

### I. PLEA AGREEMENT

The defendant agrees to plead guilty to a one-count Indictment which charges

*him with Mailing a Threat to the President of the United States, a violation of 18 U.S.C.*

§ 871(a).

The government agrees that a ~~three~~-point reduction in the offense level for

acceptance of responsibility is appropriate pursuant to United States Sentencing

Commission, Guidelines Manual, § 3E1.1(a)(Nov. 2006).  Both parties further agree to


EXHIBIT
Court 1

recommend that the Court impose a *sentence* of imprisonment within the applicable guideline range, and that the sentence be imposed to run concurrently with the sentences to imprisonment Mr. Arispe is currently serving in the Colorado Department of Corrections (CDOC), and further that Mr. Arispe be designated to the facility within the CDOC for service of his federal sentence.[1]

## II.  ELEMENTS OF THE OFFENSE

In order to establish a violation of 18 U.S.C. § 871, the government would need to prove that:

a) The defendant knowingly deposited in an authorized depository for mail matter or knowingly cause to be delivered by the Postal Service according to the direction thereon, addressed to any person;

b) a written communication threatening the life or to inflict bodily harm upon the President of the United States.

## III.  STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 871 is not more than 5  years imprisonment; not more than a $250,000  fine, or both; not more than 3 years supervised release; $100.00 special assessment fee.

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.  Because the defendant is an alien, the conviction may cause the defendant to be deported.

---

[1] Mr. Arispe is presently serving a 30 year sentence of imprisonment in Weld County District Case number 10CR778, and a 12 year sentence of imprisonment in Weld County District Court case number 10CR1249.  His parole eligibility date is January 8, 2025, and his mandatory release date is January 8, 2040.

A violation of the conditions of probation or supervised release may result in a separate prison sentence.

## IV.  STIPULATION OF FACTUAL BASIS AND FACTS RELEVANT TO SENTENCING

The parties agree that there is no dispute as to the material elements which establish a factual basis of the offense of conviction.

Pertinent facts are set out below in order to provide a factual basis for the plea and to provide facts which the parties believe are relevant, pursuant to § 1B1.3, for computing the appropriate guideline range.  To the extent the parties disagree about the facts relevant to sentencing, the statement of facts identifies which facts are known to be in dispute at the time of the plea.  (§ 6B1.4(b))

The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein which are relevant to the advisory guideline computation (§ 1B1.3) or to sentencing in general (§ 1B1.4).  Nor is the Court or Probation precluded from the consideration of such facts. In "determining the factual basis for the sentence, the Court will consider the stipulation [of the parties], together with the results of the pre-sentence investigation, and any other relevant information." (§ 6B1.4 Comm.)

The parties agree that the government's evidence would show that the date on which the conduct relevant to the offense (§ 1B1.3) began is July 24, 2010.

The parties agree that the government's evidence would be:

1.      July 24, 2010, Mr. Arispe mailed a letter from the Weld County Jail to the

Investigations Unit of the Greeley, Colorado, Police Department.  The letter bore the

following return address:

> Inmate Name <u>Jessie Arispe</u>
> Weld County Jail
> 2110 "O" Street
> Greeley, CO, 80631

The letter stated, in part, the following:

> " To Whom it May Concern, I plan on making an attempt to kill the
> President of the United States and committing Numerous acts of
> bombings to Court houses and any —and all Federal buildings in The
> State of Colorado."

2.      The envelope containing the letter arrived at the Greeley Police

Department and was forwarded to Sgt. Roy Smith.  Mr. Arispe was interviewed by law

enforcement on August 13, 2010, waived his right to remain silent and speak to an

attorney prior to being interviewed, and admitted to having mailed the letter received by

the Greeley Police Department.

## V. SENTENCING COMPUTATION

The parties understand that the court may impose any sentence, up to the

statutory maximum, regardless of any guideline range computed, and that the court is

not bound by any position of the parties.  (§ 6B1.4(d))  The court is free, pursuant to §§

6A1.3 and 6B1.4, to reach its own findings of facts and sentencing factors considering

the parties' stipulations, the pre-sentence investigation, and any other relevant

information.  (§ 6B1.4 Comm.; § 1B1.4)

To the extent the parties disagree about the sentencing factors, the

computations below identify the factors which are in dispute.  (§ 6B1.4(b)).

4

The 2007 Edition of the Sentencing Guidelines is applicable to this case.

A.      The base guideline is § 2A6.1, with a base offense level of 12.

B.      Specific offense characteristics: There is a 2-level increase, pursuant to §
2A6.1(b)(2)(A) because the offense involved more than two threats.  No other specific
offense characteristics apply.

D.      The adjusted offense level would therefore be 14.

E.      The defendant should receive a 2-level adjustment for acceptance of
responsibility.  The resulting offense level would therefore be 12.

F.      The parties understand that the defendant's criminal history computation
is tentative.  The criminal history category is determined by the Court.  Known facts
regarding the applicable criminal history are as follows:

1. A 2010 conviction from the Weld County Colorado District Court for
Kidnapping and Menacing, for which the defendant received 30 years imprisonment. [3
points]

2. A 2010 conviction from the Weld County Colorado District Court for
Second Degree Assault for which the defendant received 12 years imprisonment. [3
points].

3. A 2010 conviction form the Weld County District Court for Menacing
(misdemeanor) for which the defendant received 6 months jail. [2 points]

4. The defendant committed the instant offense while under a "criminal
justice sentence". [2 points]

Based on that information, if no other information were discovered, the
defendant's criminal history category would be V.

G.     Assuming the (tentative) criminal history facts of (F) above, if a career offender adjustment is determined to be applicable, the adjusted offense level would be 14 (the offense level would be 17, based on the statutory maximum of 5 years, which would then be reduced by 3 levels for acceptance of responsibility) and the criminal history category would be VI, resulting in an advisory guideline range of 37-46 months, pursuant to § 4B1.1(a) and (b). The armed career criminal enhancement is inapplicable.

H.     The guideline range resulting from the estimated offense level of 12 above, and the (tentative) criminal history category of V above, is 27-33 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the estimated offense level 12 above could conceivably result in a range from 10 months (bottom of Category I), to 37 months (top of Category VI). The sentence would be limited, in any case, by the statutory maximum.

I.     Pursuant to guideline § 5E1.2, assuming the estimated offense level of 12 above, the fine range for this offense would be $3,000 to $30,000, plus applicable interest and penalties. Assuming an estimated offense level of 14 the fine range for this offense would be $4,000 to $40,000, plus applicable interest and penalties

J.     Pursuant to guideline § 5D1.2, if the Court imposes the term of supervised release, that term shall be not less than two years and not more than 3 years.

## VI. WHY THE PROPOSED PLEA DISPOSITION IS APPROPRIATE

The parties believe the proposed plea agreement is appropriate because all relevant conduct is disclosed, the sentencing guidelines take into account all pertinent sentencing factors with respect to this defendant, and the charges to which the

defendant has agreed to plead guilty adequately reflect the seriousness of the actual offense behavior.

This document states the parties' entire agreement.  There are no other promises, agreements (or "side agreements"), terms, conditions, understandings or assurances, express or implied.  In entering this agreement, neither the government nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date: _2/17/12_

JESSIE ARISPE
Defendant

Date: _2/7/12_

BRIAN R. LEEDY
Attorney for Defendant

Date: _2/12/12_

MARK BARRETT
Assistant U.S. Attorney